UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Randolph Thomas, Bridgette Palmatierre, and Diane Thomas,** : | |
| : | CIVIL ACTION NO. 3:24-cv-288 |
| **Plaintiffs,** : | |
| v. : | (JUDGE MANNION) |
| **Jorge Orozco-Pineda, Henry Lopez-Calleja; Food Haulers, Inc., John Does (1-10),** : | |
| : | |
| **Defendants.** : | |

### MEMORANDUM

Presently before the court in this diversity jurisdiction personal injury lawsuit is the Defendants' motion to dismiss. (Doc. 22). Specifically, Defendants seek to dismiss Plaintiff Diane Thomas' loss of consortium claim because it was added to Plaintiffs' amended complaint after the statute of limitations on loss of consortium claims had already run and Plaintiffs Randolph Thomas and Bridgette Palmatierre's punitive damages claims because they are insufficiently pled. The court is not swayed by Defendants' arguments and will therefore **DENY** the present motion.

### I.   Background

The background of this case is taken from the factual allegations set forth in Plaintiffs' operative amended complaint, (Doc. 21), which the court

must accept as true on motion to dismiss. Plaintiffs allege that on February 28, 2022, Defendant Jorge Orozco-Pineda was negligently operating a tractor-trailer on southbound I-81 in Scott Township, Lackawanna County, Pennsylvania, when that tractor-trailer collided with a motor vehicle operated by Plaintiffs Randolph Thomas and Bridgette Palmatierre. Plaintiffs allege that Defendant Orozco-Pineda was operating the tractor-trailer as the agent, servant, or employee of Defendant Food Haulers Inc., who was also the registered owner of that tractor trailer. Plaintiffs further allege that Defendant Henry Lopez-Calleja was an owner of the tractor-trailed operated by Defendant Orozco-Pineda. Plaintiffs in turn allege that the latter Defendants negligently hired, failed to adequately train, and supervise Defendant Orozco-Pineda, as well as maintain the tractor-trailer he operated in adequate working condition.

Plaintiffs Randolph Thomas and Bridgette Palmatierre commenced this action on February 16, 2024, via complaint alleging negligence and *respondeat superior* liability. (Doc. 1). On March 11, 2024, Defendants filed an answer to that complaint denying Plaintiffs' claims and setting forth affirmative defenses. (Doc. 5). On September 30, 2024, Plaintiffs filed an amended complaint adding Plaintiff Diane Thomas, spouse of Defendant Randolph Thomas, and setting forth a loss of consortium claim on her behalf.

(Doc. 21). The amended complaint like the initial complaint also seeks punitive damages against Defendants.

Defendants filed the present motion to dismiss on October 9, 2024 (Doc. 22), and brief in support of that motion on October 18, 2024. (Doc. 23). Plaintiffs filed a brief in opposition on October 30, 2024. (Doc. 26). Defendants filed a reply brief, erroneously labeled as a brief in support, on November 8, 2024, (Doc. 27), making this motion ripe for disposition. The court has jurisdiction over this action because the amount in controversy exceeds $75,000 and all Plaintiffs are citizens of the state of New York and all Defendants are citizens of the state of New Jersey for diversity purposes.[1]

## II. <u>Legal Standard</u>

Defendants' motion to dismiss is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule (12)(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief may be granted. In considering a partial motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The moving

---

[1] The citizenship of the unnamed John Doe defendants is unknown, but it is alleged on information and belief that they are not citizens of New York for diversity purposes.

party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

When resolving a Rule 12(b)(6) motion, "a court must consider no more than whether the complaint establishes enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of the cause of action." *Peters v. Geico Advantage Ins. Co.*, 2019 WL 3816929, *2 (M.D. Pa. 2019) (citing *Trzaska v L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2018)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy federal pleading requirements, the non-moving party must also "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Phillips*, 515 F.3d at 231 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, "[i]inasmuch as Pennsylvania law governs this action[,] we treat Pennsylvania Supreme Court opinions as binding precedent and

Pennsylvania Superior Court opinions as persuasive precedent." *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 107 n.2 (3d Cir. 2009).

### III. <u>Discussion</u>

Defendants seek to dismiss Plaintiff Diane Thomas' loss of consortium claim because it was added to Plaintiffs' amended complaint after the statute of limitations on loss of consortium claims had already run and Plaintiffs Randolph Thomas and Bridgette Palmatierre's punitive damages claims because they were insufficiently pled. In response Plaintiffs argue that Plaintiff Diane Thomas' loss of consortium claim is not time barred because Defendants have not shown when she became aware of her injuries or why the forum state's statute of limitations applies. Plaintiffs also assert that it is inappropriate for Defendants to seek dismissal of their punitive damages claims after they already answered those claims. The court will address each of these arguments in turn.

**A. Plaintiff Diane Thomas' Loss of Consortium Claim**

Defendants argue that Plaintiff Diane Thomas' loss of consortium claim should be dismissed as a matter of law as the statute of limitations expired long before Plaintiffs added that claim to this action *via* amended complaint. In support of this claim Defendants cite *Sullivan v. Haywood*, where the

Pennsylvania Superior Court recognized that there is a two-year statute of limitations period for loss of consortium claims in Pennsylvania and granted Defendants *summary judgment* on a loss of consortium claim added via amended complaint more than two years after Plaintiff become aware of the alleged loss of consortium. No. 2043 MDA 2013, 2015 WL 7356162, at *4 (Pa. Super. Ct. Mar. 16, 2015). However, Plaintiffs respond that this case is inapplicable because nowhere is it shown when Diane Thomas became aware of her injuries or why Pennsylvania law applies.

It is hornbook law that "[u]nder the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427, (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 76 (1938)). "Statutes of limitations are substantive for *Erie* purposes." *Dixon Ticonderoga Co. v. Est. of O'Connor*, 248 F.3d 151, 160–61 (3d Cir. 2001) (citing *Guaranty Trust Co. v. York*, 326 U.S. 99, 110, (1945)). Thus, the forum state, Pennsylvania's, statute of limitations applies here.

Pursuant to 42 Pa.C.S. §5524, the statute of limitations applicable to loss of consortium claims in Pennsylvania is two years from the date of the injury. Once the statute of limitations has run, the injured party is barred from suing. However, Pennsylvania court have adopted certain tolling

mechanisms, *i.e.,* the discovery rule and fraudulent concealment. *Sullivan* 2015 WL 7356162, at *4. Plaintiffs do not claim fraudulent concealment but their argument regarding the awareness of Diane Thomas's alleged loss of consortium does implicate the discovery rule.

In Pennsylvania the discovery rule tolls the running of the applicable statute of limitations until that point when the plaintiff knows or reasonably should know: (1) that she has been injured; and (2) that her injury has been caused by another party's conduct. *See Weik v. Estate of Brown,* 794 A.2d 907, 909 (Pa. Super. 2002) (citation omitted), *appeal denied,* 813 A.2d 844 (2002). "Whether the statute of limitations has run on a claim is a question of law for the trial court to determine; but the question as to when a party's injury and its cause were discovered or discoverable is for the [factfinder]." *Fine v. Checcio,* 870 A.2d 850, 859 (Pa. 2009).

The commencement of the limitations period is grounded on "inquiry notice" that is tied to "actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause." *Gleason v. Borough of Moosic,* 609 Pa. 353, 15 A.3d 479, 485 (2011) (citations omitted). Only where the facts are so clear that reasonable minds could not differ may a court determine as a matter of

law at the *summary judgment* stage, the point at which a party should have been reasonably aware of her injury and its cause and thereby fix the commencement date of the limitations period. *See Wilson v. El-Daief,* 964 A.2d 354, 362 (Pa. 2009).

Here Defendants ask the court to dismiss Plaintiff's loss of consortium claim *before* summary judgement despite the fact that in most cases even summary judgment is inappropriate on such claims under the discovery rule. Despite the aforementioned authority, Defendants citing *Scattaregia v. Shin Shen Wu*, claim in their reply brief that loss of consortium claims are "derivative" of the underlying negligence claim and therefore the statute of limitations on Diane Thomas's claim began to run on February 28, 2022, the date of her husband's injury. 495 A.2d 552, 553 (Pa. Super. 1985). However, *Scattaregia* describes loss of consortium claims as "derivative' of negligence claims for the purposes of assessing comparative negligence. It does not in any way discuss the appropriate limitations period for loss of consortium claims under the discovery rule or address the abundant authority indicating that this issue is best left to the factfinder or at least summary judgment. Likewise, Defendants claim that there is no factual dispute the court needs to resolve to dismiss Diane Thomas' claims but factual disputes or the lack

thereof are also issues to be determined on a motion for summary judgment not a motion to dismiss.

Defendants may seek summary judgment on Diane Thomas' loss of consortium claim if the facts are so clear that she should have known more than two years prior to the date the amended complaint was filed about her injuries. Otherwise, the question of when she discovered her injury must be left to the jury. But in any event, it is premature to dismiss this claim without the benefit of any fact discovery, let alone clear facts to show when the alleged loss of consortium occurred. Accordingly, Defendants' motion to dismiss will be denied as to Plaintiff Diane Thomas' loss of consortium claim.

## B. Plaintiffs Randolph Thomas and Bridgette Palmatierre's Punitive Damages Claims

Defendants argue that Plaintiffs have failed to sufficiently plead a claim and/or demand for punitive damages and therefore, any such claims or demands should be dismissed as a matter of law. Specifically, Defendants assert that Plaintiffs' complaint and amended complaint are devoid of any factual assertions of outrageous conduct and Plaintiffs cannot make such assertions because such facts do not exist. In response Plaintiffs argue that Defendants motion to dismiss their punitive damages claims, which were

included in their initial complaint, is inappropriate because they already filed an answer to those claims.

A defendant may move to dismiss a complaint or parts of a complaint before or after filing an answer. *See* Fed.R.Civ.P. 12(b)(6) and (c). A motion made before an answer is filed is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion made after an answer is filed is a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 12(h)(2) ("[a] defense of failure to state a claim upon which relief can be granted ... may be made in ... [a] motion for judgment on the pleadings"). Thus, as it pertains to Plaintiffs' punitive damages claim, Defendants' motion to dismiss is inappropriate under Rule 12(b)(6) but can be considered as a motion for judgment on the pleading under Rule 12(c), which is any event is treated like a motion to dismiss under Rule 12(b)(6). *See Turbe v. Virgin Islands,* 938 F.2d 427, 428 (3d Cir.1991).

Regardless of how Defendant's motion is viewed it is premature at this stage of the proceeding to dismiss Plaintiffs' punitive damages claims. In motor vehicle accident cases where claims for punitive damages are pled by plaintiffs, defendants often invite courts to dismiss these claims. Yet, such invitations, while frequently made by defendants, are rarely embraced by

courts. Instead, courts routinely deny requests to dismiss punitive damages claims in motor vehicle accident cases at the outset of litigation. *See, e.g., Kerlin v. Howard*, No. 4:18-CV-00481, 2018 WL 4051702, at *1 (M.D. Pa. Aug. 24, 2018); *Wydra v. Bah*, No. 3:15-CV-1513, 2016 WL 297709, at *2 (M.D. Pa. Jan. 22, 2016); *Cobb v. Nye*, No. 4:14-CV-0865, 2014 WL 7067578, at *4 (M.D. Pa. Dec. 12, 2014) (citing *Young v. Westfall*, No. 4:06-CV-2325, 2007 WL 675182, at *2 (M.D. Pa. Mar. 1, 2007) (denying motion to dismiss punitive damages in negligence accident involving a tractor-trailer)); *Ferranti v. Martin*, No. 3:06-CV-1694, 2008 WL 111272, at *2 (M.D. Pa. Jan. 8, 2008) (finding, in a claim relating to a tractor-trailer accident, that the plaintiff had pled sufficient allegations to require discovery). *Alexander v. W. Express*, No. 1:19-CV-1456, 2019 WL 6339907, at *9 (M.D. Pa. Oct. 18, 2019), report and recommendation adopted, No. 1:19-CV-1456, 2019 WL 6327688 (M.D. Pa. Nov. 26, 2019).

This case is no exception. As a general rule, courts have deemed motions to dismiss punitive damages claims as premature and inappropriate where, as here, the complaint alleges reckless conduct. (Doc. 21 p. 7). Moreover, because the question of whether punitive damages are proper often turns on the defendant's state of mind, this question frequently cannot be resolved on the pleadings alone but must wait till the development of a

full factual record at trial. *See generally In re Lemington Home for the Aged*, 777 F.3d 620, 631 (3d Cir. 2015); *see also Burke v. TransAm Trucking, Inc.*, 605 F.Supp.2d 647, 649 (M.D. Pa. 2009). Accordingly, Defendant's motion to dismiss will be denied at this stage of the litigation as to Plaintiffs Randolph Thomas and Bridgette Palmatierre's punitive damages claims.

### IV.   Conclusion

Based on the aforesaid, Defendants motion to dismiss will be **DENIED**. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 8, 2024**
24-288-01